IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
M. LANI ESTEBAN-TRINIDAD, BAR
NO. 6967.

No. 81917

**FILED**

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney M. Lani Esteban-Trinidad. Under the agreement, Esteban-Trinidad admitted to violating RPC 1.15 (safekeeping property) and RPC 8.4 (misconduct) and agreed to a three-year suspension from the practice of law retroactive to July 5, 2019, the date of her suspension for similar RPC 1.15 violations.

Esteban-Trinidad has admitted to the facts and violations as part of her guilty plea agreement. The record therefore establishes that she (1) violated RPC 1.15 by commingling client and personal funds and using client funds for personal and business expenses, and (2) violated RPC 8.4 by continuing to commingle and use client funds in the same manner throughout the previous disciplinary proceedings until the effective date of the order suspending her for that misconduct.[1]

_____

[1]This court approved a conditional guilty plea agreement, under which Esteban-Trinidad admitted to the RPC 1.15 violation and agreed to a six-month-and-one-day suspension. *Discipline of Esteban-Trinidad*, Docket No. 78379 (Order Approving Conditional Guilty Plea, July 5, 2019).

20-46269

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Esteban-Trinidad violated, and because she acted intentionally and her conduct resulted in actual or potential injury to her clients and the profession, the baseline sanction before considering aggravating and mitigating circumstances is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2018) (providing that disbarment is "appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client"). The record supports the panel's findings of five aggravating circumstances (prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and four mitigating circumstances (personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, imposition of other penalties or sanctions, and remorse). Considering the factors outlined in *Lerner*, we agree with the hearing panel's finding that the mitigating factors support a downward deviation from the baseline sanction and that the recommended discipline serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney M. Lani Esteban-Trinidad from the practice of law in Nevada for a period of three years, commencing from July 5, 2019, the effective date of the previous order suspending her for violating RPC 1.15 by commingling and misusing client funds. Additionally, Esteban-Trinidad agreed to retake the Nevada Bar exam and the MPRE pursuant to SCR 116(5) before seeking reinstatement. Finally, Esteban-Trinidad must pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order, if she has not already done so. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:  William B. Terry, Chartered
     Chair, Southern Nevada Disciplinary Board
     Bar Counsel, State of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court